(Official Form 1) (4/10)

# United States Bankruptcy Court
## District of Delaware

**Voluntary Petition**

| | |
|---|---|
| **Name of Debtor** (if individual, enter Last, First, Middle):<br>**Dallas Stars, L.P.** | **Name of Joint Debtor** (Spouse) (Last, First, Middle):<br>**N/A** |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**HSMG/Dallas Stars** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**N/A** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):<br>**75-2629450** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):<br>**N/A** |
| Street Address of Debtor (No. and Street, City, and State):<br>**2601 Avenue of the Stars**<br>**Frisco, Texas**    ZIP CODE **75034** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**N/A**    ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Collin County** | County of Residence or of the Principal Place of Business:<br>**N/A** |
| Mailing Address of Debtor (if different from street address):<br>**N/A**    ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>**N/A**    ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**N/A**    ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check **one** box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☒ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check **one** box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other
  **Professional Sports Franchise**

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☒ Debts are primarily business debts.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (amount subject to adjustment on 4/01/13 and every three years thereafter).

- - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- ☒ A plan is being filed with this petition.
- ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(B).

**Filing Fee** (Check one box)

- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**THIS SPACE IS FOR COURT USE ONLY**

**Statistical/Administrative Information**

- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors (Consolidated with those affiliates that have simultaneously commenced chapter 11 cases.)

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☒ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets (Consolidated with those affiliates that have simultaneously commenced chapter 11 cases.)

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☒ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities (Consolidated with those affiliates that have simultaneously commenced chapter 11 cases.)

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☒ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Dallas Stars, L.P.** | |
|---|---|---|
| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| Location Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor:<br>**See Schedule 1 attached hereto.** | Case Number:<br>**See Schedule 1 attached hereto.** | Date Filed:<br>**See Schedule 1 attached hereto.** |
| District:<br>**See Schedule 1 attached hereto.** | Relationship:<br>**See Schedule 1 attached hereto.** | Judge:<br>**See Schedule 1 attached hereto.** |

| **Exhibit A**<br>**NOT APPLICABLE**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>**NOT APPLICABLE**<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by § 342(b).<br><br>X _____<br>  Signature of Attorney for Debtor(s)         Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

**NOT APPLICABLE**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(*Check all applicable boxes*)

**NOT APPLICABLE**

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Dallas Stars, L.P.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X */s/ John H. Knight*
Signature of Attorney for Debtor(s)

**John H. Knight (No. 3848)**     **Martin A. Sosland**
Printed Name of Attorney for Debtor(s)

**Richards, Layton & Finger, P.A.**     **Weil, Gotshal & Manges LLP**
Firm Name

**One Rodney Square, 920 North King St.**     **200 Crescent Court, Suite 300**
Address

**Wilmington, Delaware 19801**     **Dallas, Texas 75201**

**(302) 651-7700**     **(214) 746-7700**
Telephone Number

**September 15, 2011**
Date

* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Robert L. Hutson**
Signature of Authorized Individual

**Robert L. Hutson**
Printed Name of Authorized Individual

**Chief Financial Officer**
Title of Authorized Individual

**September 15, 2011**
Date

**Schedule 1 to Chapter 11 Petition**

    As of the date hereof, each of the entities listed below, all direct or indirect wholly-owned subsidiaries of HSG Sports Group LLC, has filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), either concurrently with the debtor in this chapter 11 case or within the last 8 years. A motion has been filed or shortly will be filed with the United States Bankruptcy Court for the District of Delaware requesting that the chapter 11 cases of Dallas Stars, L.P., Dallas Arena LLC, Dallas Stars U.S. Holdings Corp., and StarCenters LLC be consolidated for procedural purposes only and jointly administered.

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT | Judge |
|---|---|---|---|---|
| Dallas Stars, L.P.<br>(Other Name Used In Past 8 Years: HSMG/Dallas Stars) | 11-_____ ( ) | September 15, 2011 | District of Delaware | Pending |
| Dallas Arena LLC<br>(Other Name Used In Past 8 Years: Arena/Dallas Stars, Inc.) | 11-_____ ( ) | September 15, 2011 | District of Delaware | Pending |
| Dallas Stars U.S. Holdings Corp. | 11-_____ ( ) | September 15, 2011 | District of Delaware | Pending |
| StarCenters LLC | 11-_____ ( ) | September 15, 2011 | District of Delaware | Pending |
| Texas Rangers Baseball Partners | 10-43400 (DML)-11 | May 24, 2010 | Northern District of Texas | D. Michael Lynn |
| Rangers Equity Holdings, L.P. | 10-43624 (DML)-11 | May 28, 2010 | Northern District of Texas | D. Michael Lynn |
| Rangers Equity Holdings GP, LLC | 10-43625 (DML)-11 | May 28, 2010 | Northern District of Texas | D. Michael Lynn |

WRITTEN CONSENT
OF
A RESPONSIBLE PERSON
OF
DALLAS STARS, L.P.

September 15, 2011

The undersigned, being a responsible person (the "Responsible Person") of Dallas Stars, L.P., a Delaware limited partnership (the "Company"), acting pursuant to the provisions of the Delaware Revised Uniform Limited Partnership Act, does hereby consent to, adopt and approve the following resolutions and each and every action effected thereby.

WHEREAS, it is proposed that Dallas Stars, L.P., a Delaware limited partnership, Dallas Arena LLC, a Texas limited liability company, Dallas Stars U.S. Holdings Corp., a Delaware corporation, and StarCenters LLC, a Texas limited liability company (each of the foregoing, a "Seller" and collectively, the "Sellers") enter into an Asset Purchase Agreement, substantially in the form previously submitted to and reviewed by the undersigned (the "Stalking Horse Asset Purchase Agreement"), by and among the Sellers and Dallas Sports & Entertainment, L.P., DSE Hockey Club, L.P., DSE Hockey Centers, L.P. and DSE Plano GP, Inc. (collectively, the "Stalking Horse"), and which provides for a process pursuant to which the Sellers intend to sell substantially all of their respective assets (the "Stars Related Assets"), subject to, inter alia, obtaining the NHL Board of Governor's prior approval;

WHEREAS, in connection with the execution of the Stalking Horse Asset Purchase Agreement, it is proposed that each Seller (i) file a voluntary petition (each, a "Bankruptcy Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), in the form previously submitted to and reviewed by the undersigned (each, a "Chapter 11 Case" and collectively, the "Chapter 11 Cases"), and (ii) enter into a joint prepackaged plan of reorganization pursuant to section 1121(a) of the Bankruptcy Code, substantially in the form previously submitted to and reviewed by the undersigned (the "Prepackaged Plan");

WHEREAS, the Prepackaged Plan contemplates, among other things, that an auction (the "Auction") may be conducted by the Bankruptcy Court in accordance with agreed upon bidding procedures for the Stars Related Assets, pursuant to which the Stalking Horse or another bidder (or bidder group) that has submitted a qualified bid to the Sellers (in accordance with, and subject to the terms and conditions of, such bidding procedures) may be selected by the Sellers as the successful bidder (the "Successful Bidder") to purchase the Stars Related Assets (the sale of the Stars Related Assets to the Successful Bidder, the "Sale Transaction"), subject to, inter alia, obtaining the NHL Board of Governor's prior approval;

WHEREAS, prior to the date hereof, the Sellers have solicited and obtained votes in favor of the Prepackaged Plan from a requisite number of holders of claims entitled to vote on the Prepackaged Plan; and

WHEREAS, the undersigned has determined that it is desirable and in the best interests of the Company, and its creditors, employees, and other interested parties that, the Company: (i) execute the Stalking Horse Asset Purchase Agreement, (ii) after the occurrence of (A) the execution and delivery of the Stalking Horse Asset Purchase Agreement and the Escrow Agreement (as defined in the Stalking Horse Asset Purchase Agreement) by each of the parties thereto, (B) the receipt of the Escrowed Funds by the Escrow Agent (each as defined in the Stalking Horse Asset Purchase Agreement) in accordance with the terms of the Stalking Horse Asset Purchase Agreement and (C) the receipt of written confirmation by the National Hockey League of the matters described in the foregoing subclauses (A) and (B) (collectively, the "<u>Filing Requirements</u>"), execute the Prepackaged Plan, (iii) after the occurrence of the Filing Requirements, commence a Chapter 11 Case in the name of the Company pursuant to the execution, delivery and filing of the Bankruptcy Petition in respect of the Company (the "<u>Company Bankruptcy Petition</u>") and (iv) after the occurrence of the Filing Requirements, the execution, verification, delivery and/or filing of such other petitions, declarations and documents related to the Company Bankruptcy Petition, the Prepackaged Plan and the Stalking Horse Asset Purchase Agreement to the extent copies of such petitions, declarations and documents have been delivered to the National Hockey League prior to the execution of this written consent (collectively, the "<u>Related Documents</u>").

1. <u>Stalking Horse Asset Purchase Agreement</u>.

NOW, THEREFORE, BE IT RESOLVED, that the terms and provisions of the Stalking Horse Asset Purchase Agreement, the execution and delivery thereof by Robert L. Hutson, solely in his capacity as the chief financial officer of the Company (the "<u>Proper Officer</u>"), the performance of the Company's obligations thereunder (excluding, for all purposes of this paragraph, the execution, delivery and/or filing of the Prepackaged Plan, Company Bankruptcy Petition and Related Documents, each of which shall be subject to the occurrence of the Filing Requirements as further described below), and the Proper Officer, who may act individually without the joinder of any of the others, is hereby authorized, empowered and directed, in the name and on behalf of the Company, to execute, deliver and, after the occurrence of the Filing Requirements, file the Stalking Horse Asset Purchase Agreement, and the signature of the Proper Officer thereto shall be conclusive evidence of the authority of the Proper Officer to so execute and deliver the Stalking Horse Asset Purchase Agreement on behalf of the Company;

2. <u>Prepackaged Plan</u>.

RESOLVED FURTHER, that the terms and provisions of the Prepackaged Plan and, after the occurrence of the Filing Requirements, the execution and delivery thereof by the Proper Officer and the performance of the Company's obligations thereunder are hereby authorized and approved, and the Proper Officer, who may act individually without the joinder of any of the others, is hereby authorized, empowered and directed, in the name and on behalf of the Company, to, after the occurrence of the Filing Requirements, execute, deliver and/or file the Prepackaged Plan, and the signature of the Proper Officer thereto shall be conclusive evidence of the authority of the Proper Officer to so execute and deliver the Prepackaged Plan on behalf of the Company;

3. Chapter 11 Case/Company Bankruptcy Petition.

RESOLVED FURTHER, that the Proper Officer, who may act individually without the joinder of any of the others, is hereby authorized, empowered and directed, in the name and on behalf of the Company, to, after the occurrence of the Filing Requirements, execute, deliver and file the Company Bankruptcy Petition to commence a Chapter 11 Case in the name of the Company, and the signature of the Proper Officer to the Company Bankruptcy Petition shall be conclusive evidence of the authority of the Proper Officer to so execute and deliver the Company Bankruptcy Petition on behalf of the Company;

4. Related Documents.

RESOLVED FURTHER, that the Proper Officer, who may act individually without the joinder of any of the others, is hereby authorized, empowered and directed, in the name and on behalf of the Company, to, after the occurrence of the Filing Requirements, execute, verify, deliver and/or file the Related Documents, and the signature of the Proper Officer to the Company Bankruptcy Petition shall be conclusive evidence of the authority of the Proper Officer to so execute and deliver the Related Documents on behalf of the Company;

5. Miscellaneous.

RESOLVED FURTHER, that the law firm of Weil, Gotshal & Manges LLP be, and hereby is, engaged as legal counsel for the Company under a general retainer in the Chapter 11 Cases, subject to any requisite Bankruptcy Court approval;

RESOLVED FURTHER, that the law firm of Richards, Layton & Finger, P.A. be, and hereby is, engaged as special Delaware counsel for the Company under a general retainer in the Chapter 11 Cases, subject to any requisite Bankruptcy Court approval; and

RESOLVED FURTHER, that the authorizations granted herein are limited to the matters expressly referenced herein, and shall not be deemed applicable to any other matter unless otherwise provided by subsequent written resolution of the undersigned.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned has executed this written consent as of the date first set forth above.

/s/ Robert L. Hutson  
Robert L. Hutson  
Responsible Person

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
------------------------------------------------------------------  x
                                                                    :
In re                                                               :    Chapter 11
                                                                    :
DALLAS STARS, L.P.,                                                 :    Case No. 11-_____ (___)
                                                                    :
        Debtor.                                                     :    Joint Administration
                                                                    :    Requested
------------------------------------------------------------------  x
```

CONSOLIDATED LIST OF CREDITORS
HOLDING 30 LARGEST UNSECURED CLAIMS

The following is a list of creditors holding the 30 largest unsecured claims against the above-captioned Debtor and certain of its debtor affiliates (collectively, the "Debtors"),[1] all of which simultaneously have commenced chapter 11 cases in this Court. The list has been prepared on a consolidated basis from the unaudited books and records of the Debtors. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. The list does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.[2] The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Dallas Stars, L.P. (9450); Dallas Arena LLC (9999); Dallas Stars U.S. Holdings Corp. (0485); and StarCenters LLC (4430).

[2] This list also does not include HSG Sports Group LLC ("HSG") or any of HSG's direct or indirect subsidiaries.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted[3] | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[4] | Estimated amount of claim (if secured, also state value of security)[5] |
|---|---|---|---|---|
| CFV I LLC | CFV I LLC c/o NHL Enterprises, Inc. Attn: William Daly 1185 Avenue of the Americas New York, NY 10036 Fax: (212) 789-2120 | Loan | n/a | $51,691,783 |
| New York Rangers Hockey Club | New York Rangers Hockey Club Two Pennsylvania Plaza New York, NY 10121 Tel: (212) 465-6000 | Contractual Obligation For Player Picked up on Waiver | n/a | $2,000,000 |
| Marc Crawford | Marc Crawford | Contract Termination Obligations | n/a | $1,101,654 |
| Duncanville Community Group and Economic Development Corporation | Duncanville Community Group and Economic Development Corporation 203 E. Wheatland Dr. Duncanville, TX 75116-4824 Tel: (972) 780-5093 Fax: (972) 208-3801 | Terminated Lease Settlement | n/a | $683,405 |
| BWD Group LLC | BWD Group LLC PO Box 9050 Jericho, NY 11753-8950 Tel: (516) 327-2700 | Insurance | n/a | $550,410 |
| Plano Sports Authority | Plano Sports Authority 6500 Preston Meadow Plano, TX 75024 Tel: (972) 208-5437 Fax: (972) 208-3801 | Terminated Lease Settlement | n/a | $344,860 |

---

[3] The Debtors have redacted from the public record certain contact information such as addresses or telephone numbers because of concerns of confidentiality or concerns for the privacy of an individual.

[4] All claims are subject to customary offsets, rebates, discounts, reconciliations, credits, and adjustments, which are not reflected on this list.

[5] The list includes certain claims and claim amounts that are not due and owing as of the Commencement Date.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted[3] | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[4] | Estimated amount of claim (if secured, also state value of security)[5] |
|---|---|---|---|---|
| John Klingberg | John Klingberg | Deferred Signing Bonus | n/a | $225,000 |
| Patrick Nemeth | Patrick Nemeth | Deferred Signing Bonus | n/a | $225,000 |
| Bill Guerin | Bill Guerin | Deferred Compensation | n/a | $190,000 |
| Brenden Dillon | Brenden Dillon | Deferred Signing Bonus | n/a | $180,000 |
| Thomas Vincour | Thomas Vincour | Deferred Signing Bonus | n/a | $160,000 |
| Scott Glennie | Scott Glennie | Deferred Signing Bonus | n/a | $90,000 |
| Jack Campbell | Jack Campbell | Deferred Signing Bonus | n/a | $90,000 |
| Tyler Beskorowany | Tyler Beskorowany | Deferred Signing Bonus | n/a | $87,500 |
| Philip Larsen | Philip Larsen | Deferred Signing Bonus | n/a | $85,000 |
| Nike Bauer Hockey USA, Inc. | Nike Bauer Hockey USA, Inc. 3958 Collections Center Dr. Chicago, IL 60693 Tel: (800) 362-3146 Fax: (800) 867-4713 | Trade Debt | n/a | $71,057 |
| Matt Fraser | Matt Fraser | Deferred Signing Bonus | n/a | $70,000 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted[3] | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[4] | Estimated amount of claim (if secured, also state value of security)[5] |
|---|---|---|---|---|
| Aon Risk Services of Missouri, Inc. | Aon Risk Services of Missouri, Inc. Insurance Services 8182 Maryland Ave. St. Louis, MO 63105 Tel: (314) 725-9966 Fax: (314) 725-2262 | Trade Debt | n/a | $68,159 |
| Mikhail Stsefanovich | Mikhail Stsefanovich | Deferred Signing Bonus | n/a | $67,500 |
| Blackall Mechanical, Inc. | Blackall Mechanical, Inc. 3210 Belt Line Rd. Suite 140 Farmer's Branch, TX 75234 Tel: (972) 380-0880 Fax: (972) 250-1715 | Trade Debt | n/a | $65,593 |
| Ondrej Roman | Ondrej Roman | Deferred Signing Bonus | n/a | $65,000 |
| Warrior Sports Inc. | Warrior Sports Inc. 16151 Collections Center Drive Chicago, IL 60693 Tel: (586) 693-8779 Fax: (586) 978-7744 | Trade Debt | n/a | $62,931 |
| Charles Huddy | Charles Huddy | Contract Termination Obligation | n/a | $56,250 |
| Luke Gazdic | Luke Gazdic | Deferred Signing Bonus | n/a | $50,000 |
| Mathieu Tousignant | Mathieu Tousignant | Deferred Signing Bonus | n/a | $40,000 |
| Jace Coyle | Jace Coyle | Deferred Signing Bonus | n/a | $40,000 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted[3] | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[4] | Estimated amount of claim (if secured, also state value of security)[5] |
|---|---|---|---|---|
| PC Connection | PC Connection 730 Milford Rd. Merrimack, NH 03054 Tel: (800) 998-0035 | Trade Debt | n/a | $32,252 |
| NRG Energy, Inc. | NRG Energy, Inc./ Reliant Energy Retail Services c/o CT Corporation System 350 N. St. Paul St., Ste 2900 Dallas, TX 75312-0954 Tel: (214) 979-1172 Fax: (214) 932-3601 | Trade Debt | n/a | $23,125 |
| Hubert Labrie | Hubert Labrie | Deferred Signing Bonus | n/a | $20,000 |
| Ice Training Center | Ice Training Center 522 Centennial Blvd. Richardson, TX 75081 Tel: (972) 680-7825 | Trade Debt | n/a | $18,081 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------------ x
                                                                   :
In re                                                              : Chapter 11
                                                                   :
DALLAS STARS, L.P.,                                                : Case No. 11-_____ (___)
                                                                   :
    Debtor.                                    : Joint Administration
                                                                   : Requested
------------------------------------------------------------------ x

## DECLARATION CONCERNING CONSOLIDATED
## LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

       I, the undersigned authorized officer of Dallas Stars, L.P. and certain of its debtor affiliates (collectively, the "<u>Debtors</u>"),[1] declare under penalty of perjury that I have read the foregoing Consolidated List of Creditors Holding 30 Largest Unsecured Claims against the Debtors on a consolidated basis, and that the list is true and correct to the best of my information and belief, with reliance on appropriate corporate officers.

Dated: September 15, 2011

                                                          /s/ Robert L. Hutson
                                                          By:   Robert L. Hutson
                                                          Title:  Chief Financial Officer

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Dallas Stars, L.P. (9450); Dallas Arena LLC (9999); Dallas Stars U.S. Holdings Corp. (0485); and StarCenters LLC (4430).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
                                                                       :
In re                                                                  :  Chapter 11
                                                                       :
DALLAS STARS, L.P.,                                                    :  Case No. 11-_____ (___)
                                                                       :
       Debtor.                                                         :  Joint Administration
                                                                       :  Requested
---------------------------------------------------------------------- x

## CREDITOR MATRIX

The above-captioned debtor and certain of its debtor affiliates (collectively, the "<u>Debtors</u>")[1] have commenced chapter 11 cases in this Court. Contemporaneously with the commencement of these chapter 11 cases, the Debtors filed a single consolidated list of creditors (the "<u>Creditor Matrix</u>"), in lieu of separate lists, pursuant to sections 105(a), 342(a), and 521(a)(1) of title 11 of the United States Code, Rules 1007(a)(1) and 2002 (a), (f), and (*l*) of the Federal Rules of Bankruptcy Procedure, and Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. The Creditor Matrix was submitted electronically in the case commenced by Dallas Stars, L.P.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Dallas Stars, L.P. (9450); Dallas Arena LLC (9999); Dallas Stars U.S. Holdings Corp. (0485); and StarCenters LLC (4430).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
                                                                       :
In re                                                                  : Chapter 11
                                                                       :
DALLAS STARS, L.P.,                                                    : Case No. 11-_____ (___)
                                                                       :
      Debtor.                                                        : Joint Administration
                                                                       : Requested
---------------------------------------------------------------------- x

## LIST OF EQUITY SECURITY HOLDERS PURSUANT TO
## RULE 1007(a)(3) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

| Name and Last Known Address of Equity Interest Holder | Kind of Interest | Number of Interests Held |
|---|---|---|
| HSG Sports Group LLC<br>200 Crescent Court, Suite 1600<br>Dallas, Texas 75201 | Limited Partner | 99% |
| HSG Partnership Holdings LLC<br>200 Crescent Court, Suite 1600<br>Dallas, Texas 75201 | General Partner | 1% |

## DECLARATION UNDER PENALTY OF PERJURY

      I, the undersigned authorized officer of Dallas Stars, L.P., named as the debtor in this case, declare under penalty of perjury that I have reviewed the "List of Equity Security Holders Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure" and that it is true and correct to the best of my knowledge, information, and belief, with reliance on appropriate corporate officers.

Dated: September 15, 2011

                                                                 /s/ Robert L. Hutson
                                                                 By:   Robert L. Hutson
                                                                 Title:  Chief Financial Officer

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
In re : Chapter 11
:
DALLAS STARS, L.P., : Case No. 11-_____ (___)
:
      Debtor. :
:
Tax I.D. No. 75-2629450 :
---------------------------------------------------------------x
:
In re : Chapter 11
:
DALLAS ARENA LLC, : Case No. 11-_____ (___)
:
      Debtor. :
:
Tax I.D. No. 75-2819999 :
---------------------------------------------------------------x
:
In re : Chapter 11
:
DALLAS STARS U.S. HOLDINGS CORP., : Case No. 11-_____ (___)
:
      Debtor. :
:
Tax I.D. No. 75-2650485 :
---------------------------------------------------------------x
:
In re : Chapter 11
:
STARCENTERS LLC, : Case No. 11-_____ (___)
:
      Debtor. :
:
Tax I.D. No. 81-0644430 :
---------------------------------------------------------------x

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO RULE
1007(a)(1) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

     Dallas Stars, L.P. ("Dallas Stars"), Dallas Arena LLC ("Dallas Arena"), Dallas Stars U.S.

Holdings Corp. ("U.S. Holdings"), and StarCenters LLC ("StarCenters"), as debtors and debtors

in possession (collectively, the "Debtors"), hereby file this corporate ownership statement pursuant to Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure, and respectfully represent that the following corporations directly or indirectly own 10% or more of any class of the Debtors' equity:

1. HSG Sports Group Holdings LLC, which is not a Debtor, directly owns 100% of the equity interests of HSG Sports Group LLC ("HSG").

2. HSG, which is not a Debtor, directly owns 100% of the equity interests of the following entities:

   a. Dallas Arena.

   b. HSG Partnership Holdings LLC, which is not a Debtor.

3. HSG directly holds a 99% limited partnership interest in Dallas Stars.

4. HSG Partnership Holdings LLC directly holds a 1% general partnership interest in Dallas Stars.

5. Dallas Stars owns 100% of the equity interests in the following Debtors:

   a. U.S. Holdings.

   b. StarCenters.

Dated: September 15, 2011
       Dallas, Texas

By: /s/ Robert L. Hutson
    Robert L. Hutson
    Chief Financial Officer of Dallas Stars,
    Dallas Arena, and StarCenters, and
    Treasurer of U.S. Holdings