**ORIGINAL**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
: 
DALLAS STARS, L.P., *et al.*[1] : Case No. 11-12935 (PJW)
: 
Debtors. : Jointly Administered
: 
: Re: Docket Nos. 12, 49, 63 & 67
------------------------------------------------------------ x

**ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, 365, AND 503 AND FED. R. BANKR. P. 2002, 4001, 6004, 6006, 9008, AND 9014 (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) APPROVING THE DALLAS SPORTS AND ENTERTAINMENT, L.P. ASSET PURCHASE AGREEMENT AS A STALKING HORSE AGREEMENT, (C) APPROVING BID PROTECTIONS, (D) SCHEDULING A COMBINED HEARING TO CONSIDER (1) APPROVAL OF THE DISCLOSURE STATEMENT, (2) APPROVAL OF SOLICITATION PROCEDURES AND FORMS OF BALLOTS, (3) CONFIRMATION OF THE PREPACKAGED PLAN, AND (4) APPROVAL OF THE SALE; (E) ESTABLISHING A DEADLINE TO OBJECT TO THE SALE, THE DISCLOSURE STATEMENT, AND THE PREPACKAGED PLAN; (F) APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND OF THE CHAPTER 11 CASES; AND (G) GRANTING ANY RELATED RELIEF**

Upon the motion (the "Motion") of Dallas Stars, L.P. ("Dallas Stars"), Dallas Arena LLC ("Dallas Arena"), Dallas Stars U.S. Holdings Corporation ("U.S. Holdings"), and StarCenters LLC ("StarCenters"), as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105, 363, 365, and 503 of the Bankruptcy Code,[2] and sections 2002, 4001, 6004, 6006, 9008, and 9014 of the Bankruptcy Rules for an order (I) For an Order Scheduling a Hearing on Shortened Notice to Consider Bidding Procedures and to Determine Confirmation-Related Deadlines and Approving the Form and Manner of Notice Thereof; and (II) For an Order

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number, are: Dallas Stars, L.P. (9450); Dallas Arena LLC (9999); Dallas Stars U.S. Holdings Corporation (0485); and StarCenters LLC (4430).

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 5358656v. 1

(a) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets;

(b) Approving the Proposed Buyers' Asset Purchase Agreement as a Stalking Horse Asset Purchase Agreement; (c) Approving Bid Protections; (d) Scheduling a Combined Hearing to Consider: (1) Approval of the Disclosure Statement, (2) Approval of the Solicitation Procedures and Forms of Ballots, (3) Confirmation of the Prepackaged Plan, and (4) Approval of the Sale; (e) Establishing an Deadline to Object to the Disclosure Statement, Sale and the Prepackaged Plan; (f) Approving the Form and Manner of Notice Thereof; and (g) Granting Any Related Relief all as more fully described in the Motion; and upon the Hutson Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the hearing to consider the relief requested therein (the "Hearing") having been given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' thirty largest unsecured creditors (on a consolidated basis); (iii) counsel to National Hockey League, (iv) counsel to agent under the First Lien Credit Agreement, (v) counsel to agent under the Second Lien Credit Agreement, (vi) those parties that have requested notice pursuant to Bankruptcy Rule 2002, (vii) counsel to the Purchaser, (viii) any party that may hold a lien on the Debtors properties; (ix) any party that has signed a non-disclosure agreement with the NHL in connection with a potential purchase of the Purchased Assets; and (x) all parties required by Local Rule 9013-1(m) in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Shorten Notice Order, dated September 19, 2011 [Docket No. 49] , authorizing and approving the form and manner of notice of the Hearing, as established by the Affidavit of Service of The Garden City Group of the Bid Procedures/Scheduling Hearing Notice, dated September 21, 2011 [Docket No. 74]; and the legal

and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors, and all parties in interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and upon the entire record and all of the proceedings before the Court, it is hereby further FOUND AND DETERMINED THAT:

A. The proposed Summary and Notice will constitute due, adequate, and timely notice of the commencement of the Debtors' Chapter 11 Cases, the Bidding Procedures, the Auction, the Combined Hearing, the Objection Deadline, the procedures for objecting to the adequacy of the Disclosure Statement and to confirmation of the Prepackaged Plan, and the procedures for objecting to the assumption and assignment of executory contracts and unexpired leases, including the cure amounts relating thereto and the adequate assurance of future performance provided in connection therewith in accordance with Bankruptcy Rule 2002.

B. The Debtors have articulated good and sufficient reasons for approving the Bidding Procedures.

C. The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the return for the Purchased Assets. The Bidding Procedures were negotiated in good faith between the Debtors and Dallas Sports & Entertainment L.P. and certain of its affiliates (the "Proposed Buyers").

D. The Proposed Buyers have expended, and likely will continue to expend, considerable time, money, and energy pursuing the purchase of the Purchased Assets and have engaged in extended arm's-length and good faith negotiations. The Stalking Horse Asset Purchase Agreement is the culmination of these efforts.

E.  The Debtors have demonstrated a compelling and sound business justification for authorization to (i) enter into the Stalking Horse Asset Purchase Agreement to establish the minimum bidding purchase price for the Business and (ii) pay the Break-Up Fee and Expense Reimbursement under the terms and conditions set forth in the Stalking Horse Asset Purchase Agreement. The Break-Up Fee and Expense Reimbursement are material inducements for, and condition of, the Proposed Buyers' entry into the Stalking Horse Asset Purchase Agreement. The Proposed Buyers are unwilling to commit to purchase the Purchased Assets under the terms of the Stalking Horse Asset Purchase Agreement unless the Proposed Buyers are assured the Expense Reimbursement and Break-Up Fee.

F.  Recognizing this expenditure of time, energy, and resources, the Debtors have agreed to pay the Break-Up Fee and the Expense Reimbursement to the Proposed Buyers under certain terms and conditions. The Break-Up Fee and the Expense Reimbursement are (i) an actual and necessary cost and expense of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code; (ii) commensurate to the real and substantial benefit conferred upon the Debtors' estates by the Proposed Buyers; (iii) reasonable and appropriate in light of the size and nature of the proposed sale, comparable transactions, the commitments that have been made, and the efforts that have been and will be expended by the Proposed Buyers; and (iv) necessary to induce the Proposed Buyers to continue to pursue the purchase of the Business and to be bound by the Stalking Horse Asset Purchase Agreement.

G.  The assurance of the payment in cash of the Break-Up Fee and Expense Reimbursement (i) will promote more competitive bidding by inducing the Proposed Buyers' bid, which otherwise would not have been made and which may be the highest or best available offer for the Purchased Assets, (ii) has induced the Proposed Buyers to research the value of the Purchased Assets, conduct extensive due diligence and propose the transaction, including, among

4

other things, submission of a bid that will serve as a minimum or floor bid on which all other bidders can rely, and (iii) will provide a benefit to the Debtors' estates by increasing the likelihood that the price at which the Purchased Assets are sold will reflect their true worth.

H.  No other party to date has entered into an asset purchase agreement for the Purchased Assets on terms acceptable to the Debtors. The Stalking Horse Asset Purchase Agreement provides the Debtors with the opportunity to sell their business on a "going concern" basis for the benefit of all parties. The execution of the Stalking Horse Asset Purchase Agreement is a necessary prerequisite to determining whether any party other than the Proposed Buyers are willing to enter into a definitive agreement for the Purchased Assets on terms acceptable to the Debtors and their creditor constituencies.

I.  The Debtors have demonstrated a sound business justification for authorizing the payment of the Break-Up Fee and the Expense Reimbursement to the Proposed Buyers. The Break-Up Fee and the Expense Reimbursement have been negotiated at arm's-length and are reasonable under the circumstances; and therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The objections, if any, to entry of this Order are overruled in their entirety.

3. The Bidding Procedures attached hereto as <u>Exhibit 1</u> are hereby authorized and approved in all respects.

4. The sale transaction contemplated by the purchase agreement annexed hereto as <u>Exhibit 2</u> is designated as the "<u>Stalking Horse Asset Purchase Agreement.</u>"

5. Immediately upon entry of this Order, the Stalking Horse Asset Purchase Agreement shall be binding upon the parties thereto in accordance with its terms.

6. The Break-Up Fee and the Expense Reimbursement are approved in their entirety. The Debtors shall pay the Break-Up Fee and the Expense Reimbursement to the Proposed Buyers out of the purchase price paid by the Successful Bidder pursuant to the terms and conditions set forth in the Stalking Horse Asset Purchase Agreement without need for further order of the Court.

7. To constitute a "Qualified Bid", a bid must be received by the Bid Deadline (as defined in the Bidding Procedures) and otherwise comply with all of the applicable provisions of the Bidding Procedures.

8. The failure specifically to include or reference a particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision. The Bidding Procedures are hereby authorized and approved in their entirety.

9. The Debtors shall file a Notice of Successful Bidder identifying the Successful Bidder and the terms of the Successful Bid within one business day following the completion of the Auction.

10. A hearing to consider the adequacy of the Disclosure Statement, approval of the Solicitation Procedures, approval of the Sale, and confirmation of the Debtors' Prepackaged Plan (the "Combined Hearing") is hereby scheduled to be held before this Court on November 23, 2011 at 9:30 a.m. Eastern Time or as soon thereafter as counsel may be heard.

11. Objections, if any, to the Disclosure Statement, the Solicitation Procedures, the Prepackaged Plan, any filed supplements thereto, the Sale, or the assumption and assignment of executory contracts and unexpired leases, including the cure amounts relating thereto and the adequate assurance of future performance provided in connection therewith shall: (i) be in writing; (ii) set forth the name of the objector, and the nature and amount of any claim or interest asserted by the objector against the estates or properties of the Debtors, (iii) specify

6

with particularity the legal and factual basis of the objection, (iv) if the objection relates to the assumption and assignment of an executory contract or unexpired leases, including the cure amount relating thereto or the adequate assurance of future performance provided in connection therewith, include a copy of such contract or lease or contain information sufficient to identify the executory contract or unexpired lease to which any such objection relates; and (v) be filed with the Court together with proof of service thereof and simultaneously served on: (a) counsel to the Debtors (Weil, Gotshal & Manges LLP, 200 Crescent Court, Suite 300, Dallas, Texas 75201, attn: Martin Sosland and Weil, Gotshal & Manges LLP, 767 Fifth Ave., New York, New York, 10153, attn: Ronit J. Berkovich); (b) the National Hockey League (1185 Avenue of the Americas, New York, New York 10036, attn: David Zimmerman); (c) counsel to the NHL (Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036, attn: Thomas W. Gowan and J. Gregory Milmoe); (d) counsel to JP Morgan, the agent under the First Lien Credit Agreement (Latham & Watkins, LLP, 885 Third Ave., New York, New York 10022, attn: David Teh); (e) counsel to Monarch Investment Group (Milbank, Tweed, Hadley & McCloy LLP, Suite 1100, International Square Building, 1850 K Street, N.W., Washington, DC 20006-5417, attn: Andrew LeBlanc); and (f) counsel to the Committee, if one shall be appointed, so as to be actually received by 4:00 p.m. (Eastern Time) on October 25, 2011 (the "Objection Deadline").

12. Any objections not timely filed and served in the manner set forth in this Order may, in the Court's discretion not be considered and may be overruled.

13. The form and sufficiency of the Summary and Notice attached hereto as Exhibit 3 are hereby approved.

14. The Debtors shall serve the Summary and Notice on all parties in interest on a date no greater than 3 business days after entry of this Order.

7

15. Service of the Summary and Notice in the manner set forth herein constitutes good and sufficient notice of the commencement of the Debtors' Chapter 11 Cases, the Bidding Procedures, the Auction, the Combined Hearing, the Objection Deadline, the procedures for objecting to the adequacy of the Disclosure Statement, to the Solicitation Procedures, and to confirmation of the Plan, and the procedures for objecting to the assumption and assignment of executory contracts and unexpired leases, including the cure amounts relating thereto and the adequate assurance of future performance provided in connection therewith, and the applicable provisions of the Bankruptcy Code and any requirements for other notice are hereby waived and dispensed with pursuant to Rules 2002, 6006, 9006, and 9007 of the Bankruptcy Rules and section 105(a) of the Bankruptcy Code; <u>provided, however</u>, that any provision of Bankruptcy Rule 3017(d) requiring the Debtors to distribute the Disclosure Statement and Prepackaged Plan to parties not entitled to vote, whether because they are unimpaired or because they are deemed to reject the Prepackaged Plan, or any parties in interest other than as prescribed in this Order, shall be waived; <u>provided further, however</u>, the Disclosure Statement and Prepackaged Plan shall remain posted to the following page on the World Wide Web at http://www.dslp.com and shall be provided in either electronic or paper form to any parties in interest upon written request to the Debtors.

16. The Debtors are authorized, pursuant to Bankruptcy Rule 2002(*l*), to give supplemental publication notice of the Auction and Combined Hearing by publication in the *Wall Street Journal*, national edition, the *Dallas Morning News*, or any other newspaper in their discretion and on a date no greater than 3 business days after entry of this Order.

17. The meeting pursuant to section 341(a) of the Bankruptcy Code shall not be convened and is hereby cancelled unless the Prepackaged Plan is not confirmed by this Court within ninety days after the Commencement Date.

8

RLF1 5358656v. 1

18. The Debtors shall not be required to file reports pursuant to Bankruptcy Rule 2015.3 unless the U.S. Trustee convenes a meeting under section 341 of the Bankruptcy Code; *provided that*, nothing herein shall affect the Debtors' rights to request an extension of time to comply with, or modification of the requirements of Bankruptcy Rule 2015.3.

19. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

20. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order, including any matter or dispute relating to the Sale of the Purchased Assets, the Bidding Procedures, the Sale Hearing, the Auction, the Successful Bid, or the Backup Bid.

Dated: September 22, 2011
Wilmington, Delaware

THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE