UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
                                                                       :
In re                                                                  :  Chapter 11
                                                                       :
**DALLAS STARS, L.P., et al.**[1]                                      :  Case No. 11-12935 (PJW)
                                                                       :
        Debtors.                                                       :  Jointly Administered
                                                                       :
---------------------------------------------------------------------- x  Re: Docket Nos. 14, 15 & 83


**NOTICE OF (A) COMMENCEMENT OF CHAPTER 11 CASES,
(B) BIDDING PROCEDURES, (C) COMBINED HEARING TO APPROVE
DISCLOSURE STATEMENT, PREPETITION SOLICITATION PROCEDURES,
AND SALE AND TO CONFIRM PREPACKAGED PLAN, (D) ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, AND
(E) ESTABLISHMENT OF OBJECTION DEADLINE
-AND-
SUMMARY OF PREPACKAGED PLAN OF REORGANIZATION**


**NOTICE IS HEREBY GIVEN** as follows:

**A.      Commencement of Chapter 11 Cases**

        1.      On September 15, 2011 (the "Commencement Date"), Dallas Stars, L.P. ("Dallas Stars") Dallas Arena LLC ("Dallas Arena"), Dallas Stars U.S. Holdings Corp. ("U.S. Holdings"), and StarCenters LLC ("StarCenters") as debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

        2.      On the Commencement Date, the Debtors filed the Joint Prepackaged Plan of Reorganization of Dallas Stars, L.P., *et al.* Under Chapter 11 of the Bankruptcy Code (the "Prepackaged Plan") and the proposed Disclosure Statement Relating to the Joint Prepackaged Plan of Reorganization of Dallas Stars, L.P. *et al.* Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code. Copies of the Prepackaged Plan and the Disclosure Statement may be obtained upon request of the Debtors' counsel at the addresses specified below and are on file with the Clerk of the

_____

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Dallas Stars, L.P. (9450); Dallas Arena LLC (9999); Dallas Stars U.S. Holdings Corporation (0485); and StarCenters LLC (4430).

Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, where they are available for review between the hours of 8:00 a.m.– 4:00 p.m. Eastern Time.  The Prepackaged Plan and the Disclosure Statement also are available for inspection on the Bankruptcy Court's internet site at www.deb.uscourts.gov and the internet site of the Debtors' solicitation agent, The Garden City Group at www.dslpinfo.com.

3. Also on the Commencement Date, the Debtors filed a motion (the "Bidding Procedures Motion") for entry of an order (the "Bidding Procedures/Confirmation Scheduling Order") (i) approving the Bidding Procedures (as set forth in the Bidding Procedures/Confirmation Scheduling Order, the "Bidding Procedures") for a Sale (the "Sale") of substantially all of the assets of the Debtors (the "Purchased Assets") pursuant to the Prepackaged Plan; (ii) scheduling an auction (the "Auction"); (iii) scheduling a combined hearing to approve the Disclosure Statement, Prepetition Solicitation Procedures, and Sale and to confirm the Prepackaged Plan (the "Combined Hearing"); and (iv) approving this Notice.

4. The primary purpose of the Prepackaged Plan is to effectuate the sale of the NHL Stars franchise and certain related assets.

**B.  Bidding Procedures**

5. The Bidding Procedures shall govern the submission and acceptance of all bids.

6. On September 22, 2011, the United States Bankruptcy Court for the District of Delaware entered the Bidding Procedures/Confirmation Scheduling Order, approving the Bidding Procedures.

7. **Copies of the Stalking Horse Asset Purchase Agreement, the Bidding Procedures/Confirmation Scheduling Order, the Bidding Procedures, and the proposed Confirmation Order[2] are available upon request to the Debtors' noticing agent at (888) 579-1198 or www.dslpinfo.com. Parties interested in receiving more information regarding the Purchased Assets and/or copies of any related document may make a written request to: (i) Weil, Gotshal & Manges LLP, 200 Crescent Court, Suite 300, Dallas, Texas 75201 (Attn: Martin A. Sosland, Esq. and Charles M. Persons, Esq.), co-counsel for the Debtors, and/or (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: John H. Knight, Esq. and Zachary I. Shapiro, Esq.), co-counsel for the Debtors.**

**PLEASE CONSULT THE BIDDING PROCEDURES IF YOU ARE INTERESTED IN SUBMITTING A BID.  THE BIDDING PROCEDURES CONTAIN THE FOLLOWING IMPORTANT DEADLINES:**

_____

[2] Capitalized terms used and not otherwise defined shall have the meanings ascribed to them in the Prepackaged Plan.

8. The deadline to submit the Background Portion of the NHL Application (each as defined in the Bidding Procedures), if potential bidder has not already done so in connection with the Sale, is on September 29, 2011.

9. The deadline to submit a Qualified Bid (as defined in the Bidding Procedures) is on October 22, 2011, at 4:00 p.m. (Eastern Time) (the "Bid Deadline").

10. An Auction for the Sale of the Purchased Assets, if one is needed, has been scheduled for November 21, 2011, at 10:00 a.m. (Central Time) at the offices of Weil, Gotshal & Manges LLP located at 200 Crescent Court, Suite 300, Dallas, Texas 75201.

C. **Combined Hearing to Approve Disclosure Statement, Prepetition Solicitation Procedures, and Sale and to Confirm Prepackaged Plan**

11. The Combined Hearing to consider the adequacy of the Disclosure Statement, approval of the Prepetition Solicitation Procedures, approval of the Sale, and confirmation of the Debtors' Prepackaged Plan and any objections thereto and to consider any other matter that may properly come before the Bankruptcy Court will be held before The Honorable Peter J. Walsh, United States Bankruptcy Judge, in Room 2 of the United States Bankruptcy Court, 824 Market Street, 6th Floor, Wilmington, Delaware 19801, on November 23, 2011 at 9:30 a.m. (Eastern Time) or as soon thereafter as counsel may be heard. The hearing to consider the confirmation of the Debtors' Prepackaged Plan and any objections thereto is scheduled to commence immediately following the Bankruptcy Court's approval of the adequacy of the Disclosure Statement, approval of the Prepetition Solicitation Procedures, and approval of the Sale. The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Combined Hearing or at an adjourned Combined Hearing and will be available on the electronic case filing docket. The time scheduled at the Combined Hearing for the confirmation of the Debtors' Prepackaged Plan may be rescheduled by the Bankruptcy Court in the event that the Bankruptcy Court does not find compliance with the disclosure requirements or the Bidding Procedures or for any other reason. Notice of the rescheduled date or dates, if any, will be provided by an announcement at the Combined Hearing or at an adjourned Combined Hearing and will be available on the electronic case filing docket.

D. **Assumption and Assignment of Certain Executory Contracts**

12. Pursuant to section 9.1 of the Prepackaged Plan, as of the Effective Date, the Debtors shall assume and assign to the Purchaser, pursuant to sections 365(a) and (f) of the Bankruptcy Code, each executory contract and unexpired lease to which it is a party other than the Excluded Contracts. Excluded Contracts generally include (i) the Asset Purchase Agreement and all documents related thereto, (ii) all contracts between the Debtors and any broker or investment banker related to the Asset Purchase Agreement, other than GSP Securities LLC, (iii) except as set forth on Schedule 1.1(a)(i) of the Asset Purchase Agreement, all contracts between the Debtors and any Affiliate of the Debtors or any other Hicks Affiliate (other than contracts to which the only parties that are Affiliates of the Debtors or any other Hicks Affiliate consist of (A) any Debtor and any other Debtor or (B) any Debtor and any Transferred Subsidiary), (iv) the

3

contracts listed on Schedule 1.1(a)(ii) of the Asset Purchase Agreement, and (v) the First Lien Credit Agreement and Second Lien Credit Agreement, and all contracts related thereto.  Unless an executory contract or unexpired lease is an Excluded Contract, it will be assumed and assigned to the Purchaser pursuant to section 365 of the Bankruptcy Code and the Asset Purchase Agreement.  On the Effective Date, each Excluded Contract that is an executory contract or unexpired lease shall either be terminated by its terms or assumed by the Debtors.  Pursuant to section 9.3 of the Prepackaged Plan, all claims related to the rejection of executory contracts and unexpired leases are classified as Non-Assumed General Unsecured Claims and not entitled to a distribution.  Please refer to sections 9.1, 9.2 and 9.3 of the Prepackaged Plan for more information on the assumption, assumption and assignment, or rejection of executory contracts and unexpired leases.

13. Because the Debtors received authority from the Bankruptcy Court to pay the prepetition claims of certain trade and other unsecured creditors consistent with the terms of such obligations existing on the Commencement Date, or with past practice, the Debtors do not believe they will owe any monetary amounts under any executory contract or unexpired lease to be assumed and assigned to the Purchaser under section 365(b)(1) of the Bankruptcy Code ("Cure Amount").

14. Any party wishing to object to such assumption or assumption and assignment, or to assert that a Cure Amount is owed must follow the instructions described herein for filing objections to the Prepackaged Plan and, with any objection, include a copy of the executory contract or unexpired lease to which any such objection relates or contain information sufficient to identify the executory contract or unexpired lease to which any such objection relates.  Any counterparty that does not object to the assumption or assumption and assignment of its executory contract or unexpired lease by the Debtors under the Prepackaged Plan, shall be deemed to have consented to such assumption or assumption and assignment.  The Confirmation Order shall constitute an order of the Bankruptcy Court under sections 365 and 1123(b) of the Bankruptcy Code approving the executory contract or unexpired lease assumption or assumption and assignment as of the Effective Date and, for all assumed contracts and leases, shall constitute an adjudication of the accuracy of the Debtors' proposed Cure Amounts.  A failure to contest such accuracy through an objection to confirmation of the Prepackaged Plan will waive a counterparty's right to any other or additional Cure Amount, including the payment of any unpaid claims on the assumed contract or lease.

15. If there is a dispute regarding (i) the nature and amount of any Cure Amount; (ii) the ability of the Purchaser to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the executory contract or unexpired lease to be assumed as assigned; or (iii) any other matter pertaining to assumption and assignment that is unresolved as of the Effective Date, cure shall occur within seven days following the entry of a Final Order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be.

E. **Establishment of Objection Deadline**

16. Objections, if any, to the adequacy of the Disclosure Statement, approval of the Prepetition Solicitation Procedures, the Sale of the Purchased Assets, the Assumption and Assignment of Certain Executory Contracts, or the confirmation of the Prepackaged Plan must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 North Market Street, Wilmington, Delaware 19801, on or before on or before 4:00 p.m. (Eastern Time) on October 25, 2011 (the "Objection Deadline"); and (d) be served upon: (i) counsel to the Debtors (Weil, Gotshal & Manges LLP, 200 Crescent Court, Suite 300, Dallas, Texas 75201, attn: Martin A. Sosland and Weil Gotshal & Manges LLP, 767 Fifth Ave., New York, New York 10153 attn: Ronit J. Berkovich); (ii) the National Hockey League (1185 Avenue of the Americas, New York, New York 10036, attn: David Zimmerman); (iii) counsel to the NHL (Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036, attn: Thomas W. Gowan and J. Gregory Milmoe); (iv) counsel to JPMorgan, the agent under the First Lien Credit Agreement (Latham & Watkins, LLP, 885 Third Ave., New York, New York 10022, attn: Mitchell A. Seider and Joseph S. Fabiani); and (v) counsel to Monarch Investment Group (Milbank, Tweed, Hadley & McCloy LLP, Suite 1100, International Square Building, 1850 K Street, N.W., Washington, DC 20006-5417, attn: Andrew M. LeBlanc); (vi) counsel to the Stalking Horse (Baker & McKenzie LLP, 181 Bay Street, Suite 2100, Toronto, Ontario, Canada M5J2T3, attn: Jim Rossiter). **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE BIDDING PROCEDURES MOTION WITHOUT FURTHER HEARING AND NOTICE.**

**Summary of Prepackaged Plan of Reorganization[3]**

17. The Prepackaged Plan provides for the following distributions on the Effective Date, except to the extent any claimholder agrees to less favorable treatment:

(i) except as otherwise described in sub-paragraph (iii) below, holders of First Lien Secured Claims will receive their pro rata share (in accordance with the First Lien Security Agreement) of the Secured Creditor Consideration up to the full Allowed amount of such Claim, including accrued interest under the First Lien Credit Agreement through the Effective Date; *provided, however*, that if all or a portion of the distribution to the holders of First Lien Secured Claims is in the form of secured debt obligations to the holders of First Lien Secured Claims payable by the Purchaser,

---

[3] The statements contained herein are summaries of the provisions contained in the Disclosure Statement and the Prepackaged Plan and do not purport to be precise or complete statements of all the terms and provisions of the Prepackaged Plan or documents referred therein. For a more detailed description of the Prepackaged Plan, please refer to the Disclosure Statement.

such secured debt obligations shall be subject to that certain NHL/Lender Cooperation Agreement;

(ii) holders of Second Lien Secured Claims will receive their pro rata share of the Secured Creditor Consideration remaining after the Discharge of First Lien Obligations (including payment of accrued interest under the First Lien Credit Agreement through the Effective Date), up to the full Allowed amount of the Second Lien Secured Claim, including accrued interest under the Second Lien Credit Agreement through the Effective Date; *provided, however*, that if all or a portion of the distribution to the holders of Second Lien Secured Claims is in the form of secured debt obligations to the holders of Second Lien Secured Claims payable by the Purchaser, such secured debt obligations shall be subject to that certain NHL/Lender Cooperation Agreement;

(iii) <u>if each of Classes 3A through 3D votes to accept the Prepackaged Plan</u>, the Second Lien Administrative Agent shall receive on the Effective Date, $500,000 of the Secured Creditor Consideration that would otherwise have been distributed to holders of First Lien Secured Claims and which consideration shall be distributed pro rata to holders of Second Lien Secured Claims in accordance with the Second Lien Credit Agreement; *provided, however*, that if a portion of the Secured Creditor Consideration is in the form of a secured debt obligation in an original principal amount of at least $500,000, the Secured Creditor Consideration distributed to the Second Lien Administrative Agent hereunder shall be in the form of a secured debt obligation in the original principal amount of $500,000; *provided further, however*, that if all or a portion of the distribution to the holders of Second Lien Secured Claims is in the form of secured debt obligations to the holders of Second Lien Secured Claims payable by the Purchaser, such secured debt obligations shall be subject to that certain NHL/Lender Cooperation Agreement;

(iv) holders of any Non-Assumed General Unsecured Claim shall not be entitled to, and shall not receive or retain, any property or interest in property on account of such Non-Assumed General Unsecured Claim; and

(v) holders of existing Equity Interests in Debtors shall be maintained; *provided, however,* the holders of the Allowed Equity Interests in Debtors shall not be entitled to transfer such Allowed Equity Interests in Debtors to any party, and shall not receive or retain any property or interest in property on account of such Allowed Equity Interests in Debtors.

Further, the Prepackaged Plan does not impair tax claims, priority claims, administrative expense claims, or assumed general unsecured claims. **HOLDERS OF ASSUMED GENERAL UNSECURED CLAIMS WILL BE PAID IN FULL UNDER THE**

**PREPACKAGED PLAN, AND TRADE VENDORS WILL BE PAID IN THE ORDINARY COURSE OF BUSINESS THROUGHOUT THE PENDENCY OF THE CHAPTER 11 PROCEEDINGS.**

18. The Prepackaged Plan provides for the classification and treatment of holders of Claims and interests allowed under section 502 of the Bankruptcy Code. Only the holder of an Allowed Claim is entitled to receive a distribution under the Prepackaged Plan. The following chart summarizes the treatment provided by the Prepackaged Plan to each class of claims and interests and indicates the acceptance or rejection of the Prepackaged Plan by each class:

| Class | Designation | Impairment | Entitled to Vote | Acceptance Percentage |
| --- | --- | --- | --- | --- |
| Classes 1A-1D | Priority Non-Tax Claims | Unimpaired | No (deemed to accept) | N/A |
| Classes 2A-2D | First Lien Secured Claims | Impaired | Yes | |
| Classes 3A-3D | Second Lien Secured Claims | Impaired | Yes | |
| Class 4A | CFV Claim | Unimpaired | No (deemed to accept) | N/A |
| Classes 5A-5D | Secured Tax Claims | Unimpaired | No (deemed to accept) | N/A |
| Classes 6A-6D | Other Secured Claims | Unimpaired | No (deemed to accept) | N/A |
| Classes 7A-7D | Assumed General Unsecured Claims | Unimpaired | No (deemed to accept) | N/A |
| Classes 8A-8D | Non-Assumed General Unsecured Claims | Impaired | No (deemed to reject) | N/A |
| Classes 9A-9D | Equity Interests in Debtors | Impaired | No (deemed to reject) | N/A |

**If you have questions about this Notice or the Prepackaged Plan, please contact the Debtors' claims and noticing agent at (888) 579-1198. If you wish to object to the Prepackaged Plan, you must follow the instructions above for filing a formal objection.**

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

Dated: Wilmington, Delaware
September 22, 2011

/s/ *Zachary I. Shapiro*
Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Zachary I. Shapiro (No. 5103)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
– and –

Martin A. Sosland
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777

Ronit J. Berkovich
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors and Debtors in Possession*