UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------x
: Chapter 11
In re :
: Case No. 11-12935 (PJW)
DALLAS STARS, L.P., *et al.*,[1] :
: Jointly Administered
Debtors. :
: Hearing Date: Oct. 17, 2011 at 9:30 a.m. (EDT)
---------------------------------------------------------x Obj. Deadline: Oct. 11, 2011 at 4:00 p.m. (EDT)

DEBTORS' APPLICATION PURSUANT TO
SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 2014(a) FOR AUTHORITY TO EMPLOY
AND RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS
FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Dallas Stars, L.P. ("Dallas Stars"), Dallas Arena LLC ("Dallas Arena"), Dallas Stars U.S. Holdings Corp. ("U.S. Holdings"), and StarCenters LLC ("StarCenters"), as debtors and debtors in possession (collectively, the "Debtors"), submit this application (the "Application") for authority to employ and retain Weil, Gotshal & Manges LLP ("Weil") as bankruptcy counsel in these chapter 11 cases (these "Chapter 11 Cases"), *nunc pro tunc* to September 15, 2011 (the "Commencement Date"), and respectfully represent as follows:

**Procedural Background**

1. On the Commencement Date, the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Further, the Debtors' chapter 11 cases (the "Chapter 11 Cases") have been

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Dallas Stars, L.P. (9450); Dallas Arena LLC (9999); Dallas Stars U.S. Holdings Corp. (0485); and StarCenters LLC (4430).

US_ACTIVE:\43713828\07\40036.0005
RLF1 5373832v. 1

consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. Prior to the Commencement Date, the Debtors solicited votes on the Joint Prepackaged Plan of Reorganization of Dallas Stars, L.P., *et al.* Under Chapter 11 of the Bankruptcy Code (the "Prepackaged Plan") through a disclosure statement distributed in accordance with sections 1125 and 1126(b) of the Bankruptcy Code (the "Disclosure Statement").

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Factual Background

4. The Debtors have filed these Chapter 11 Cases to effectuate a sale (the "Sale"), through a competitive auction process (the "Bidding Process"), of substantially all of the assets of the Debtors (the "Purchased Assets"), including (i) the professional ice hockey team that is a member of the National Hockey League (the "NHL") and is known as "the Dallas Stars" (the "NHL Stars"); (ii) their interests in ice arenas and related assets located in the Dallas-Fort Worth metroplex known as the "Dr Pepper StarCenters"; and (iii) all of the ownership interests held by Dallas Arena in and to Center Operating Company, L.P. ("COC") and Center GP, LLC, which own the leases and agreements related to the American Airlines Center ("AAC"), the arena where the NHL Stars play their home games. The purpose of the Sale is to allow for a transition in ownership of the NHL Stars, while ensuring that the team continues to play professional ice hockey at the AAC in Dallas.

5.   After a lengthy marketing process and substantial discussions involving input from the NHL and certain of the Debtors' senior secured lenders, prior to the Commencement Date, the Debtors finalized an asset purchase agreement (the "Stalking Horse Asset Purchase Agreement") with Dallas Sports & Entertainment, LP and certain of its affiliates (the "Stalking Horse") providing for the Sale to the Stalking Horse of the Purchased Assets under a prepackaged plan of reorganization under chapter 11 of the Bankruptcy Code, subject to higher or better offers in the Bidding Process and to NHL approval of both any bid and any bidder. The ultimate successful bidder that achieves all requisite Bankruptcy Court and NHL approvals will be the "Purchaser" under the Prepackaged Plan.

6.   Prior to the Commencement Date, the Debtors solicited votes (the "Solicitation") on the Joint Prepackaged Plan of Reorganization of Dallas Stars, L.P., *et al.* Under Chapter 11 of the Bankruptcy Code (the "Prepackaged Plan") through a disclosure statement distributed in accordance with sections 1125 and 1126(b) of the Bankruptcy Code (the "Disclosure Statement"). The Debtors believe that the votes obtained during the Solicitation are sufficient to satisfy the requirements for confirmation of the Prepackaged Plan under the Bankruptcy Code.

7.   Additional information regarding the Debtors' businesses, the Stalking Horse Asset Purchase Agreement, the Prepackaged Plan (including the treatment of all claims), the Bidding Process, and the events leading to these Chapter 11 Cases is contained in the Declaration of Robert L. Hutson in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief and the Disclosure Statement, each filed contemporaneously herewith.

**Relief Requested**

8.   By this Application, the Debtors request, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") authorizing the Debtors to employ and

retain Weil as their attorneys to perform the extensive legal services that will be necessary during these Chapter 11 Cases in accordance with Weil's normal hourly rates and reimbursement policies in effect when services are rendered. In support of this Application, the Debtors submit the Declaration of Martin A. Sosland (the "Sosland Declaration"), a copy of which is attached hereto as Exhibit B.

9. The Debtors have been informed that Martin A. Sosland and Ronit J. Berkovich, members of Weil, as well as other members of, counsel to, and associates of Weil who will be employed in these Chapter 11 Cases, are members in good standing of, among others, the Bars of the States of Texas and New York, respectively, and the United States District Courts for the Districts in which they reside. Prior to the filing of this application, Mr. Sosland and Ms. Berkovich have applied for admission *pro hac vice* to practice before this Court.

### Weil's Qualifications

10. The Debtors have selected Weil as their attorneys because of Weil's extensive knowledge of the Debtors' businesses and financial affairs and its extensive experience, knowledge, and expertise in the field of debtor's protections and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.

11. In connection with its prepetition representation of the Debtors in respect of the potential restructuring of their financial obligations, efforts to effectuate a sale of substantially all of their assets, and preparation for the commencement of these Chapter 11 Cases, Weil has become familiar with the Debtors' businesses, financial affairs, and capital structure. Accordingly, Weil has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of the Debtors' Chapter 11 Cases. The Debtors believe that Weil is both well qualified and uniquely able to represent them in their Chapter 11 Cases in an efficient and timely manner.

12. Were the Debtors required to retain attorneys other than Weil in connection with these Chapter 11 Cases, the Debtors and their respective creditors and estates would be unduly prejudiced by the increase in time and expense necessarily attendant to such prospective attorneys' familiarization with the intricacies of the Debtors, their business operations, and their financial situation.

13. The Debtors also have submitted an application contemporaneously herewith to retain Richards, Layton & Finger, P.A. ("RLF") as co-counsel to the Debtors. In addition to RLF, the Debtors have filed, or expect to file shortly, applications seeking to employ KPMG LLP as auditor, tax advisor, and bankruptcy administration consultant, and Garden City Group, Inc. as notice, claims, and solicitation agent. Weil has advised the Debtors that it intends to monitor carefully and coordinate the efforts of all professionals retained by the Debtors in these Chapter 11 Cases and will clearly delineate their respective duties so as to prevent duplication of effort and resources, whenever possible. Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of the efforts of the Debtors' attorneys and other professionals will greatly facilitate the progress and effective administration of these Chapter 11 Cases.

## Scope of Services

14. The employment of Weil under a general retainer is appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in possession. Subject to further order of this Court, the Debtors propose to employ Weil to render the following professional services:

> a. Take all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims, if any, filed against the Debtors' estates;

b. Prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

c. Take all necessary or appropriate actions in connection with a plan or plans of reorganization and related disclosure statement(s) and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates; and

d. Perform all other necessary legal services in connection with the prosecution of these Chapter 11 Cases.

15. It is necessary for the Debtors to employ attorneys under a general retainer to render the foregoing professional services. Weil has stated its desire and willingness to act in these cases and render the necessary professional services as attorneys for the Debtors.

## Weil's Disinterestedness

16. To the best of the Debtors' knowledge, the members of, counsel to, and associates of Weil do not have any connection with, or any interest adverse to, the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Sosland Declaration.

17. Based upon the Sosland Declaration, the Debtors submit that Weil is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The Debtors have been informed that Weil will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Weil will promptly supplement its disclosure to the Court.

## Professional Compensation

18. As set forth in the Sosland Declaration, Weil received a retainer fee and an advance against fees and expenses for services to be performed in preparation for and prosecution of these Chapter 11 Cases, in the amount disclosed in the Sosland Declaration. Prior

to the Commencement Date, Weil applied amounts received from the Debtors as compensation for professional services performed relating to the negotiation, development, and solicitation of the Prepackaged Plan and preparation for the commencement of these Chapter 11 Cases, as well as for the reimbursement of reasonable and necessary expenses incurred therewith.

19. The Debtors understand that Weil hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the guidelines (the "Guidelines") established by the Office of the United States Trustee (the "U.S. Trustee"), and further orders of this Court ("Orders") for all services performed and expenses incurred after the Commencement Date.

20. For services rendered by Weil in these cases, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Orders, propose to pay Weil its customary hourly rates that are in effect from time to time, as set forth in the Sosland Declaration. The Debtors respectfully submit that such rates are reasonable and consistent with rates charged by comparable firms for the services being provided. Weil has agreed to notify the Debtors and the U.S. Trustee of any change in the hourly rates charged by Weil for services rendered. In addition, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any Orders, the Debtors propose to reimburse Weil according to its customary reimbursement policies.

## Notice

21. No trustee, examiner or statutory creditors' committee has been appointed in these Chapter 11 Cases. Notice of this Application has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' thirty largest unsecured creditors (on

a consolidated basis); (iii) counsel to National Hockey League, (iv) counsel to agent under the First Lien Credit Agreement, (v) counsel to agent under the Second Lien Credit Agreement, and (vi) counsel to the Stalking Horse. The Debtors respectfully submit that no further notice of this Application is required.

**No Previous Request**

22. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: September 28, 2011
      Dallas, Texas

> DALLAS STARS, L.P.
> (for itself and on behalf of its affiliated Debtors and Debtors in Possession)
>
> By: /s/ *Robert L. Hutson*
> Name:    Robert L. Hutson
> Title:      Chief Financial Officer