**<u>Exhibit B</u>**

**Sosland Declaration**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re

DALLAS STARS, L.P., *et al.*[1]

     Debtors.

------------------------------------------------------------------ x

:   
:    **Chapter 11**
:   
:    **Case No. 11-12935 (PJW)**
:   
:    **Jointly Administered**
:   
:   

## DECLARATION OF MARTIN A. SOSLAND AND DISCLOSURE STATEMENT OF WEIL, GOTSHAL & MANGES LLP IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY AND RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS

Martin A. Sosland, makes this declaration under 28 U.S.C. § 1746, and states:

      1.     I am a member of the law firm of Weil, Gotshal & Manges LLP ("Weil" or the "Firm"), resident in the Dallas office located at 200 Crescent Court, Suite 300, Dallas, Texas 75201.  Weil has principal offices in New York, New York and additional regional offices in Houston, Texas; Washington, D.C.; Miami, Florida; Boston, Massachusetts; Providence, Rhode Island; Wilmington, Delaware; and Redwood Shores, California; and foreign offices in London, United Kingdom; Paris, France; Budapest, Hungary; Warsaw, Poland; Frankfurt and Munich, Germany; Prague, The Czech Republic; Dubai, U.A.E.; Hong Kong; and Beijing and Shanghai, China.

      2.     I submit this Declaration to provide the disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Dallas Stars, L.P. (9450); Dallas Arena LLC (9999); Dallas Stars U.S. Holdings Corp. (0485); and StarCenters LLC (4430).

and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") in connection with the application (the "Application"), dated September [22], 2011, of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for approval of the Debtors' retention of Weil as their attorneys in the above-captioned chapter 11 cases (the "Chapter 11 Cases") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), *nunc pro tunc* to the date of commencement of these cases (the "Commencement Date"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon Weil's completion of further review or as additional party in interest information becomes available, I will submit a supplemental declaration to the Court reflecting such amended or modified information.

3.        Neither I, Weil, nor any member of, counsel to, or associate of the Firm represents any entity other than the Debtors in connection with these Chapter 11 Cases. In addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither I, Weil, nor any member of, counsel to, or associate of the Firm represents any party in interest in the Chapter 11 Cases in matters related to the Chapter 11 Cases.

## Weil's Disclosure Procedures

4.        Weil has in the past represented, currently represents, and may in the future represent entities that are claimants or interest holders of the Debtors in matters unrelated to the Chapter 11 Cases. Weil, which employs approximately 1,100 attorneys, has a large and diversified legal practice that encompasses the representation of many financial institutions, commercial corporations, and other clients. Some of those clients are, or may consider

themselves to be, creditors or parties in interest in the pending Chapter 11 Cases or to otherwise have interests in these cases.

5.	In preparing this Declaration, I used a set of procedures developed by Weil to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals by a debtor under the Bankruptcy Code (the "Firm Disclosure Procedures").  Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Declaration and to ascertain Weil's connection to such parties:

a.	A comprehensive list of the types of entities who may have contacts with the Debtors was developed through discussions with the Weil attorneys who have provided services to the Debtors and in consultation with senior management of the Debtors (the "Retention Checklist").  A copy of the Retention Checklist is attached hereto as Exhibit 1.

b.	Weil obtained information responsive to the Retention Checklist through several inquiries of the Debtors' senior management and review of documents provided by the Debtors to Weil.  Weil then used that information, together with other information identified by Weil, to compile a list of the names of entities who may be parties in interest in the Chapter 11 Cases (the "Potential Parties In Interest").

c.	Weil maintains a master client database as part of its conflict clearance and billing records.  The master client database includes the names of the entities for which any attorney time charges have been billed since the database was first created, approximately 30 years ago—(the "Client Database").  The Client Database includes the name of each current or former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the Weil personnel who are or were responsible for current or former matters for such client.  It is the policy of Weil that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict clearance system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the name of the matter, adverse parties, and, in some cases, parties related to the client or to an adverse party.  Accordingly, the database is updated for every new matter undertaken by Weil.  The accuracy of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

d.    Weil compared the names of each of the Potential Parties In Interest to client matters in the Client Database for which professional time was recorded during the two years prior to the comparison.[2]  Any matches to names in the Client Database generated by the comparison were compiled, together with the names of the respective Weil personnel responsible for the identified client matters (the "Match List").[3]

e.    A Weil attorney then reviewed the Match List and deleted obvious name coincidences and individuals or entities that were adverse to Weil's clients in both this matter and the matter referenced on the Match List.

f.    Using information in the Client Database concerning entities on the Match List, and making general and, if applicable, specific inquiries of Weil personnel, Weil verified that it does not represent and has not represented any entity on the Match List in connection with the Debtors or the Chapter 11 Cases.

g.    In addition, a general inquiry to all Weil personnel (attorneys and staff) was sent by electronic mail to determine whether any such individual or any member of his or her household:  (i) owns any debt or equity securities of the Debtors; (ii) holds a claim against the Debtors; (iii) is or was an officer, director, or employee of the Debtors; or (iv) is related to or has any connections to bankruptcy judges in the District of Delaware, or to anyone working in the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

**Weil's Connections with the Debtors**

6.    <u>Ownership and Control of the Debtors</u>.  The Debtors are indirectly majority-owned by Thomas O. Hicks.  Mr. Hicks controls Hicks Sports Group Holdings LLC ("HSGH"), which is the 100% member of Hicks Sports Group LLC ("HSG").  HSG is the 100% member of each of Dallas Arena and HSG Partnership Holdings LLC ("HSG Partnership") and holds a 99% limited partnership interest in Dallas Stars.  HSG Partnership holds the 1% general

---

[2] For purposes of the Firm Disclosure Procedures, Weil considers an entity a "former client" if all matters for such client have been closed or, if any matters have not been closed, if no billable time for such client has been recorded in the past two years.  Because the Firm Disclosure Procedures only reflect client activity during the past two years, matches to client matters outside that timeframe are not reflected in this Declaration, except for matches with former clients that are related to the Debtors or their owners or control parties with present or former relationships with the Debtors sufficiently material to be included in the Disclosure Statement.

[3] Weil continues to review the Match List and will supplement this Declaration with any further disclosures it finds.

partnership interest in Dallas Stars. Since January 14, 2010, none of Mr. Hicks, HSGH, HSG, or HSG Partnership has controlled the Debtors.

7.    As described in more detail in the Disclosure Statement,[4] as a condition precedent to entering into the Original CFV Debt Agreement (as defined in the Disclosure Statement), HSGH, HSG, HSG Partnership, and Dallas Arena delivered certain Irrevocable Proxies to the Commissioner of the National Hockey League (the "Commissioner"), each dated as of January 14, 2010 (the "NHL Proxies"), pursuant to which the Commissioner obtained the exclusive right to control the operations of Dallas Stars and Dallas Arena, including authority to cause a sale of the assets of Dallas Stars and Dallas Arena, and each of their respective subsidiaries. Since the execution of the NHL Proxies, none of Mr. Hicks, HSGH, HSG, or HSG Partnership has had any ability to control the Debtors or their respective subsidiaries or operations.

8.    Weil's Representation of the Debtors and their Affiliates Related to the Restructuring, Sale, and Refinancing of the Debtors. Weil previously rendered legal services to the Debtors in connection with their prepetition efforts to restructure, refinance, or sell their assets, pursuant to an engagement letter with the Debtors' parent companies, HSGH and HSG, dated April 7, 2009. Although Weil previously represented HSGH, HSG, and HSG Partnership in a variety of matters including the acquisition of and financings related to the Debtors, Center Operating Company, L.P. ("COC"), and Texas Rangers Baseball Partners ("Rangers Partners"), and the proposed restructuring and sale of the assets of HSGH and its direct and indirect subsidiaries, including the Debtors and Rangers Partners, Weil does not currently represent HSGH, HSG, HSG Partnership, Rangers Partners, or any of their respective direct or indirect

---

[4] Capitalized terms used, but not otherwise defined, shall have the meanings ascribed to them in the Application.

subsidiaries (other than the Debtors) in connection with any matter.  Weil continues to render legal services to Dallas Stars pursuant to an engagement letter dated December 13, 2010.  Most recently Weil has performed services necessary to enable the Debtors to file these Chapter 11 Cases.  Weil, working together with Richards, Layton & Finger, P.A. ("RLF"), as co-counsel to the Debtors, was primarily responsible for the preparation of the chapter 11 petitions, initial motions, and applications relating to the Chapter 11 Cases.

9.     <u>Weil and its Attorneys are not Creditors of or Investors in the Debtors, but are Fans and Season Ticket Holders</u>.  Weil compiled responses to the inquiries described in paragraph 5 above for the purposes of preparing this Declaration.  Responses to the inquiry described in paragraph 5(g) indicate that no Weil personnel or member of the household of any Weil personnel holds any claims against, stock of, or other interests in the Debtors and that no such individuals were ever employed by any of the Debtors.

10.     Each of the Firm and several members and associates of Weil have purchased and fully paid for season ticket packages for the 2011-2012 National Hockey League (the "NHL") hockey season for the Dallas Stars Hockey Club, owned by the Debtor Dallas Stars. In addition, the Firm has purchased 50% of a 2011-2012 suite license at the AAC pursuant to an agreement with COC, a non-debtor entity that is partially owned by Debtor Dallas Arena.

**Weil's Prior Connections with Non-Debtor Affiliates of the Debtors**

11.     <u>Weil's Prior Engagements with Entities Connected with the Debtors</u>. Weil has rendered legal services to Mr. Hicks, individually, and to entities controlled by Mr. Hicks, since 1989.  In particular, Weil represented Mr. Hicks and entities he controlled in the acquisition and financing of the Dallas Stars Hockey Club in 1996 and the acquisition and financing of the Texas Rangers Baseball Club in 1998.  Weil also represented Mr. Hicks and

entities he controlled in the construction and financing of the American Airlines Center (the "AAC"), the creation of COC, and the lease between COC and Debtor Dallas Stars, with respect to the AAC in 1999. Since the original acquisition and financing of the Dallas Stars Hockey Club, the Texas Rangers Baseball Club, and the 50% ownership interest in COC, Weil represented HSGH or its predecessors, the ultimate parent entity of the Debtors and Rangers Partners, and each of their direct and indirect subsidiaries, in a variety of matters. Weil has also occasionally represented COC, most recently in May 2009, to render an opinion on an amendment to COC's note purchase agreement in connection with the purchase and installation of a new score board at the AAC. Weil does not currently represent COC in any matter, and as stated, does not currently represent HSGH, HSG, or HSG Partnership in any matter. As stated above, Weil also represented Rangers Partners, which is an indirect subsidiary of HSG, in the sale of the assets of Rangers Partners through a chapter 11 plan of reorganization consummated in August of last year. Weil does not currently represent Rangers Partners or any of its direct or indirect subsidiaries or parent entities in any matter.

12.     From time to time but ending several years ago, Weil also provided legal services to Southwest Sports Realty Partners, L.P. ("Southwest Realty") and certain of its subsidiaries, which are controlled by Mr. Hicks, in connection with a variety of matters. Southwest Realty's general partner is SWS Realty LLC ("SWS Realty"), which is also controlled by Mr. Hicks. Weil understands that among the subsidiaries of Southwest Realty are SSR Collin Land, L.P. and SSR/GP Interests, L.P., the general partner of SSR Collin Land, L.P. (the "Collin County Subsidiaries"). The Collin County Subsidiaries have certain arrangements with the Debtors respecting land around the Dr. Pepper Arena and the Roughriders Ballpark in Frisco, Texas. Weil provided legal services to Southwest Realty and its subsidiaries in connection with

certain of those arrangements years ago. However, McGuire, Craddock & Strother, P.C. is currently, and has for a number of years been, the principal outside counsel for Southwest Realty, SWS Realty, and the Collin County Subsidiaries with respect to those arrangements and all other matters. Weil is not currently representing SWS Realty, Southwest Realty, or the Collin County Subsidiaries in any matter.

13. Weil assisted Dallas Stars and Hicks Cedar Park LLC ("Cedar Park"), which has an American Hockey League ("AHL") affiliation arrangement with Debtor Dallas Stars, in certain aspects of a proposed acquisition of an AHL franchise in 2009. Weil has not otherwise represented Cedar Park, which Weil understands is owned by certain trusts for which certain of Mr. Hicks' children are beneficiaries. Weil did not represent either Cedar Park or the Debtor Dallas Stars in connection with the negotiation or execution of the HCP Affiliation Agreement (as defined in the Disclosure Statement) between the Debtor Dallas Stars and Cedar Park.

14. TOH Victory Texas, L.P. ("TOH Victory"), which is indirectly majority owned and controlled by Mr. Hicks, owns certain interests in entities that own land and improvements around the AAC. TOH Victory was originally known as SSG Realty Partners, L.P. and changed its name to Southwest Sports Realty, L.P. before ultimately changing to its current name. Southwest Realty is a different entity than TOH Victory, formerly known as Southwest Sports Realty, L.P. SSG Realty Partners, L.P., now known as TOH Victory Texas, L.P., is a named party to the Frisco Master Agreement (as defined in the Disclosure Statement). Weil is unaware of any other involvement TOH Victory has with the Debtors. Weil has not represented TOH Victory in any matter for a number of years. TOH Victory's current counsel is McGuire, Craddock & Strother, P.C.

15.     Southwest Sports Group Baseball, L.P. ("Southwest Baseball") is a subsidiary of HSG that owns approximately a 2.4% limited partnership interest in RoughRiders Baseball Partners, L.P. ("Roughriders"), an entity that is otherwise unaffiliated with HSGH, Mr. Hicks, or the Debtors.  Weil is not representing, and has not for a number of years represented, Southwest Baseball, and Weil has never represented Roughriders.

16.     Weil's Representation of Mr. Hicks and Hicks Holdings LLC in Matters Unrelated to the Debtors.  Weil currently represents Mr. Hicks individually solely in connection with his personal credit facility, which is unrelated to the Debtors or the Chapter 11 Cases.  Weil also continues to represent Hicks Holdings LLC ("Hicks Holdings"), an investment firm created by Mr. Hicks when he retired in 2005 from Hicks, Muse, Tate & First Incorporated, an investment firm previously controlled by Mr. Hicks.  Weil also represents certain portfolio companies affiliated with Hicks Holdings.  Weil's representation of Hicks Holdings and affiliated portfolio companies is unrelated to the Chapter 11 Cases.

17.     Law Firms that Represent Mr. Hicks and Related Non-Debtor Entities in Connection with these Chapter 11 Cases.  Weil has not represented Mr. Hicks, Cedar Park, Southwest Realty, SWS Realty, TOH Victory, the Collin County Subsidiaries, HSGH or any of its direct or indirect subsidiaries (other than the Debtors), in connection with the preparation of or filing of these Chapter 11 Cases.  HSGH and its direct subsidiary HSG engaged Neligan Foley LLP to represent HSGH and HSG well over a year ago, and Neligan Folely LLP has represented HSGH and HSG in connection with matters related to Debtors and their subsidiaries since that time.  In particular, Neligan Foley LLP represented HSG in connection with several matters where HSG's involvement was required in connection with the filing of these Chapter 11 Cases, including the extension of the CFV Debt Agreement (referred to in paragraph 7 above) and the

negotiation and execution of the Affiliate Letter (as defined in the Disclosure Statement). Weil also understands that McGuire, Craddock, & Strother, P.C. represents SWS Realty, Southwest Realty, TOH Victory, and their respective subsidiaries generally and specifically in connection with any matters related to their current arrangements with the Debtors. Similarly, Weil understands that Mr. Hicks retained McKool Smith LLP well over a year ago to represent him in any matters respecting HSGH and any of its direct or indirect subsidiaries, including the Debtors.

### Weil's Connections with Potential Parties in Interest in Matters Unrelated to the Chapter 11 Cases

18. Either I or an attorney working under my supervision reviewed the connections between Weil and the clients identified on the Match List and the connections between those entities and the Debtors and determined, in each case, that Weil does not hold or represent an interest that is adverse to the Debtors' estates and that Weil is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, for the reasons discussed below.

19. Weil previously has represented, currently represents, and may represent in the future entities described below (or their affiliates) in matters totally unrelated to the Debtors. The Match List, attached hereto as Exhibit 2, is the product of implementing the Firm Disclosure Procedures. An entity is listed as a "Current Client" in Exhibit 2 if Weil has any open matters for such entity or a known affiliate of such entity and attorney time charges have been recorded on any such matters within the past two years. An entity is listed as a "Former Client" on Exhibit 2 if Weil represented such entity or a known affiliate of such entity within the past two years based on recorded attorney time charges on a matter, but all matters for such entity or any known affiliate of such entity have been formally closed. An entity is also listed as a "Former Client" on Exhibit 2 if such entity is related to the Debtors or their owners or control

parties with a present or former relationship sufficiently material to be included in the Disclosure Statement and Weil has represented such client in the past.

20. To the best of my knowledge and information, none of the entities listed in Exhibit 2 represents more than one percent (1%) of Weil's annual revenues over the past twelve months, other than General Electric ("GE"), which represents less than 2.5% of Weil's revenues over the past twelve months. Exhibit 3 includes a summary of the payments Weil has received in the twelve months prior to the Commencement Date on account of fees incurred in connection with the representation of Mr. Hicks and entities directly or indirectly owned or controlled by him. To the extent issues may arise that would cause the Debtors to be adverse to any client of Weil, such that it would not be appropriate for Weil to represent the Debtors with respect to these matters, RLF will represent the Debtors with respect to such matters or special conflicts counsel will be retained to represent the Debtors with respect to such matters.

21. Weil currently represents the National Hockey League Players Association ("NHLPA") in disputes with the NHL related to the NHL collective bargaining agreement. Weil has no direct involvement with Dallas Stars in connection with its representation of NHLPA, and the matters in which Weil represents NHLPA are not related to Weil's representation of the Debtors. Moreover, Weil attorneys involved in the representation of NHLPA are not involved in Weil's representation of the Debtors, and vice versa. I am not aware of any disputes between the Debtors and NHLPA related to the Chapter 11 Cases and I do not anticipate that any such disputes will arise. In the event, however, that a dispute between the Debtors and NHLPA arises in connection with the Chapter 11 Cases, Weil's proposed co-counsel, RLF, will handle such dispute.

22.     Weil has not represented, does not represent, and will not represent any of such foregoing entities in matters directly related to the Debtors or the Chapter 11 Cases.

23.     In addition, to the best of my knowledge, and as indicated by the general inquiry of Weil personnel referred to in paragraph 5(g) of this Declaration, no employee or partner of Weil is a relative of, or has been connected with, any judge of the bankruptcy court for this district, the U.S. Trustee, or any employee of the office of the U.S. Trustee.  Accordingly, I submit that the appointment of Weil would not be prohibited by Bankruptcy Rule 5002.

24.     In addition to the foregoing, through diligent inquiry, I have ascertained no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b), and Bankruptcy Rule 2014(a), between Weil and any attorneys, accountants, or financial consultants in the Chapter 11 Cases, except as set forth herein.  As part of its practice, Weil appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of which now, or may in the future, represent claimants and other parties in interest in these cases.  Weil has not represented, and will not represent, any of such parties in relation to the Debtors or their Chapter 11 Cases.  Weil does not have any relationship with any such attorneys, accountants, financial consultants, or investment bankers that would be adverse to the Debtors or their estates.

25.     Weil will continue to apply the Firm Disclosure Procedures as additional information concerning entities having a connection with the Debtors is developed and will file appropriate supplemental disclosure with the Court.

**Weil Is Disinterested**

26.     Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe Weil does not hold or represent an interest adverse to the Debtors'

estates in the matters upon which Weil is to be employed and Weil is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

## Weil's Retainer, Rates, and Billing Practices

27.     Weil is not a creditor of the Debtors.  During the twelve month period prior to the commencement of these cases, Weil received an approximate aggregate of $5,352,132.99 for professional services performed and for expenses incurred in connection with Weil's representation of the Debtors, all of which was incurred in connection with Dallas Stars' sale and restructuring efforts and the preparation of these Chapter 11 Cases.  As of the Commencement Date, Weil held approximately $271,616.17 of advance retainer in a trust account to be applied against professional fees and expenses incurred by Weil in connection with the Chapter 11 Cases.

28.     Weil intends to charge the Debtors for services rendered in these Chapter 11 Cases at Weil's normal hourly rates in effect at the time the services are rendered.  Weil's current customary hourly rates, subject to change from time to time, are $760 to $1,075 for members and counsel, $430 to $750 for associates, and $175 to $310 for paraprofessionals.

29.     Weil also intends to seek reimbursement for expenses incurred in connection with its representation of the Debtors in accordance with Weil's normal reimbursement policies, subject to any modifications to such policies that Weil may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines (the "Guidelines") established by the U.S. Trustee.  Weil's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, with respect to

duplication charges, Weil will charge $.10 per page because the actual cost is difficult to determine.  Similarly, as it relates to computerized research, Weil believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain.  Other reimbursable expenses (whether the service is performed by Weil in-house or through a third party vendor) include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees.

30.     No promises have been received by Weil or any member, counsel, or associate thereof as to payment or compensation in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the retainer letter between Dallas Stars and Weil.  Weil has no agreement with any other entity to share with such entity any compensation received by Weil or by such entity.

31.     The Debtors' Application requests, pursuant to section 328(a) of the Bankruptcy Code, approval of their retention of Weil on rates, terms, and conditions consistent with what Weil charges non-chapter 11 debtors.  Namely, the Application requests prompt payment of Weil's hourly rates, as adjusted from time to time, and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable.  Subject to these terms and conditions, Weil intends to apply, pursuant to section 330 of the Bankruptcy Code, for allowances of compensation for professional services rendered in these Chapter 11 Cases and for reimbursement of actual and necessary expenses incurred in connection therewith in accordance with the provisions of the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any orders of the Court.

## **Coordination with Other Professionals for the Debtors**

32.     Weil is aware that the Debtors have submitted, or intend to submit, applications to retain RLF, as co-counsel to the Debtors, KPMG LLP as auditor, tax advisor, and bankruptcy administration consultant, and The Garden City Group, Inc. as notice, claims, and solicitation agent.  Weil intends to monitor carefully and coordinate the efforts of all professionals retained by the Debtors in these Chapter 11 Cases and will clearly delineate their respective duties so as to prevent duplication of effort and resources, whenever possible.

33.     The foregoing constitutes the statement of Weil pursuant to sections 327(a), 328(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

I declare under penalty of perjury that, to the best of my knowledge, and after reasonable inquiry, the foregoing is true and correct.

Executed this 28th day of September, 2011.

*/s/ Martin A. Sosland*
Martin A. Sosland, Esq.
Weil, Gotshal & Manges LLP

**Exhibit 1**

**Retention Checklist**

## Retention Checklist for Dallas Stars, L.P. *et al*.

1. Debtors (including trade names and aliases in the past 8 years)
2. Parent Company/Subsidiaries/Affiliates
3. Subsidiaries of Parent Company
4. Debtors' Principals (current and former, within the past 2 years)
5. Principals' Affiliations
6. Stalking Horse Bidder
7. Potential Purchasers that Signed Confidentiality Agreements
8. Debtors' Attorneys
9. Notice, Claims, and Solicitation Agent
10. Auditor, Tax Advisor, and Bankruptcy Administration Consultant
11. Ordinary Course Professionals
12. Broker
13. Dr Pepper Arena Suiteholders
14. Lien Parties
15. First Lien Agent
16. First Lien Holders
17. Swap Counterparties
18. Second Lien Agent
19. Second Lien Holders
20. Banks
21. Top 30 Largest Unsecured Creditors
22. 401k Plan Administrator
23. Insurance Providers
24. Office of the U.S. Trustee for the District of Delaware
25. Bankruptcy Judges for the District of Delaware
26. Taxing Authorities (payroll tax, property tax, and sales tax jurisdictions)
27. Property Managers/Landlords
28. Unions
29. National Hockey League Clubs
30. Utilities

# Exhibit 2

## Match List of Current and Former Clients

## Current and Former Clients

| Matched Entity | Relationship to Debtors | Relationship to Weil |
|---|---|---|
| Dallas Stars, L.P. | Debtor | Current Client |
| Dallas Arena LLC | Debtor | Current Client |
| Dallas Stars U.S. Holdings Corp. | Debtor | Current Client |
| StarCenters LLC | Debtor | Current Client |
| HSG Sports Group Holdings LLC | Parent Company/Subsidiaries/ Affiliates | Former Client/Affiliate of Current Client |
| HSG Sports Group LLC | Parent Company/Subsidiaries/ Affiliates | Former Client/Affiliate of Current Client |
| HSG Partnership Holdings LLC | Parent Company/Subsidiaries/ Affiliates | Former Client/Affiliate of Current Client |
| Rangers Equity Holdings, L.P. | Subsidiary of Parent Company | Former Client |
| Rangers Equity Holdings GP, LLC | Subsidiary of Parent Company | Former Client |
| Texas Rangers Baseball Partners | Subsidiary of Parent Company | Former Client |
| Emerald Diamond L.P. | Subsidiary of Parent Company | Former Client |
| Rangers Ballpark LLC | Subsidiary of Parent Company | Former Client |
| Southwest Rodeo, L.P. | Subsidiary of Parent Company | Affiliate of Former Client |
| Plano StarCenter, LLC | Parent Company/Subsidiaries/ Affiliates | Affiliate of Current Client |
| Lone Star Mobile, L.P. | Subsidiary of Parent Company | Subsidiary of Former Client |
| Southwest Sports Television, L.P. | Subsidiary of Parent Company | Subsidiary of Former Client |
| Southwest Sports Group Baseball, L.P. | Subsidiary of Parent Company | Subsidiary of Former Client |
| Center Operating Company, L.P. (JV) | Parent Company/Subsidiaries/ Affiliates, Property Managers/Landlords | Former Client; Affiliate of Current Client |

| Matched Entity | Relationship to Debtors | Relationship to Weil |
|---|---|---|
| Center GP, LLC (JV) | Parent Company/Subsidiaries/ Affiliates | Affiliate of Current Client |
| Dallas Stars Hockey Enterprises (2002) Company | Parent Company/Subsidiaries/ Affiliates | Affiliate of Current Client |
| Hicks Holdings LLC | Principals' Affiliations | Current Client |
| Hicks Cedar Park LLC | Principals' Affiliations | Former Client; Controlled by Current Client |
| SSR/GP Interests, L.P. | Principals' Affiliations | Former Client; Controlled by Current Client |
| SSR Collin Land, L.P. | Principals' Affiliations | Former Client; Controlled by Current Client |
| SWS Realty LLC | Principals' Affiliations | Former Client; Controlled by Current Client |
| Southwest Sports Realty Partners L.P. | Principals' Affiliations | Former Client; Controlled by Current Client |
| TOH Victory Texas, L.P. f/k/a Southwest Sports Realty, L.P. f/k/a SSG Realty Partners, L.P. | Principals' Affiliations | Former Client, Controlled by Current Client |
| Thomas O. Hicks | Debtors' Principals – Current and Former (in the past 2 years) | Current Client |
| General Electric Capital Corporation | Lien Parties | Current Client |
| Bank of New York Melon | Lien Parties | Affiliate of Party Related to Current Client |
| JP Morgan Chase Bank, NA | Lien Parties, Banks, First Lien Agent, First Lien Holders, Swap Counterparties, Second Lien Holders | Current Client |
| Barclays Bank PLC | First Lien Holders, Second Lien Holders | Current Client |
| GE | First Lien Holders | Current Client |

| Matched Entity | Relationship to Debtors | Relationship to Weil |
|---|---|---|
| Blackrock Financial Management | First Lien Holders | Affiliate of Current Client |
| Deerfield Capital Management LLC | First Lien Holders | Affiliate of Current Client |
| Goldman Sachs Group Inc. | First Lien Holders, Swap Counterparties | Current Client |
| Goldman Sachs Lending Partners | First Lien Holders, Second Lien Holders | Affiliate of Current Client |
| Natixis | First Lien Holders | Current Client |
| Monarch Master Funding Ltd | First Lien Holders | Affiliate of Current Client |
| UBS AG, Stamford Branch | First Lien Holders, Second Lien Holders | Affiliate of Current Client |
| SunAmerica SR FLTG RT FD (Wellington Management) | First Lien Holders | Related to Current Client |
| Wells Fargo Bank, N.A. | Swap Counterparties | Current Client |
| Eton Park Master Fund, Ltd | Second Lien Holders | Affiliate of Current Client |
| Eton Park Fund, L.P | Second Lien Holders | Affiliate of Current Client |
| Fidelity American High Yield Fund | Second Lien Holders | Affiliate of Current Client |
| Fidelity Canadian Balanced Fund | Second Lien Holders | Affiliate of Current Client |
| Fidelity Puritan Trust: Fidelity Purity Fund | Second Lien Holders | Affiliate of Current Client |
| Bank of America | Banks | Current Client |
| New York Rangers Hockey Club | Top 30 Largest Unsecured Creditors | Affiliate of Current Client |
| Nike Bauer Hockey USA, Inc. | Top 30 Largest Unsecured Creditors | Affiliate of Current Client |
| Aon Risk Services of Missouri, Inc. | Top 30 Largest Unsecured Creditors | Affiliate of Entity Related to Current Client |

| Matched Entity | Relationship to Debtors | Relationship to Weil |
|---|---|---|
| Zurich American Insurance Company | Insurance Providers | Affiliate of Current Client |
| CIGNA HealthCare | Insurance Providers | Affiliate of Current Client |
| Metropolitan Life Insurance Company | Insurance Providers | Affiliate of Current Client |
| St. Paul Fire & Marine Insurance Co. | Insurance Providers | Affiliate of Current Client |
| National Hockey League Players Association | Unions | Current Client |
| DirecTV | Utilities | Current Client |
| Verizon Wireless | Utilities | Affiliate of Current Client |
| REDACTED[1] | Potential Purchasers that Signed Confidentiality Agreements | Current Client |
| REDACTED | Potential Purchasers that Signed Confidentiality Agreements | Affiliate of Current Client |

---

[1] A list of the Potential Purchasers that Signed Confidentiality Agreements will be provided to the Court under seal, upon request.

## Exhibit 3

**Payments Received from the Debtors and Entities with Connections to the Debtors in the Twelve Months Prior to the Commencement Date**

**Payments Received from the Debtors and Entities with Connections to the
Debtors in the Twelve Months Prior to the Commencement Date**

| NATURE OF WEIL RELATIONSHIP | WHERE DISCLOSED | EXPLANATION OF FEES RECEIVED | AMOUNT |
|---|---|---|---|
| Representation of the Debtors and their Affiliates Related to the Restructuring, Sale, and Refinancing of the Debtors | ¶¶ 8, 27 | Amount of money received by Weil in the twelve months prior to the Commencement Date for fees and expenses in connection with the Debtors' sale and restructuring efforts and the preparation of these Chapter 11 Cases | $5,352,132 plus an advance retainer in the amount of $271,616 |
| Prior Representation of Texas Rangers Baseball Partners in Connection with its Chapter 11 Case and the Sale of the Texas Rangers Baseball Club | ¶ 11 | Amount of money received by Weil in the twelve months prior to the Commencement Date from Texas Rangers Baseball Partners | $4,482,510 |
| Prior Engagements with Entities Connected with the Debtors | ¶¶ 11-15 | Amount of money received by Weil in the twelve months prior to the Commencement Date for fees incurred in connection with the representation of certain of the following entities which are former clients of the firm, in matters unrelated to the Debtors:<br><br>Hicks Sports Group Holdings LLC<br>Hicks Sports Group LLC<br>HSG Partnership Holdings LLC<br>Center Operating Company, L.P.<br>Southwest Sports Realty Partners, L.P.<br>SWS Realty LLC<br>SSR Collin Land, L.P.<br>SSR/GP Interests, L.P.<br>Hicks Cedar Park LLC<br>TPH Victory Park, L.P. f/k/a Southwest Sports Realty, L.P. f/k/a SSG Realty Partners, L.P.<br>Southwest Sports Group Baseball, L.P. | $6,415 |
| Representation of Mr. Hicks and Hicks Holdings LLC in Matters Unrelated to the Debtors | ¶ 16 | Amount of money received by Weil in the twelve months prior to the Commencement Date for fees incurred in connection with the representation of certain of the following entities, which are current clients of the firm, in matters unrelated to the Debtors:<br><br>Thomas O. Hicks<br>Hicks Holdings LLC<br>Anvita Health<br>DirecPath Holdings LLC<br>Latrobe Steel Company | $940,310 |