UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

In re : Chapter 11

DALLAS STARS, L.P., *et al.*[1] : Case No. 11-12935 (PJW)

Debtors. : Jointly Administered

: Re: Docket Nos. 93 & 108

---

### ORDER PURSUANT TO SECTIONS 327(a) AND 328 (a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the application (the "Application"), dated September 27, 2011, of Dallas Stars, L.P. ("Dallas Stars"), Dallas Arena LLC ("Dallas Arena"), Dallas Stars U.S. Holdings Corp. ("U.S. Holdings"), and StarCenters LLC ("StarCenters"), as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code[2] and Bankruptcy Rule 2014(a), for an order authorizing the employment and retention of Weil, Gotshal & Manges LLP ("Weil") as attorneys for the Debtors, *nunc pro tunc* to the Commencement Date, under a general retainer, all as more fully described in the Application; and upon the Declaration of Martin A. Sosland, a member of Weil, filed in support of the Application, annexed to the Application as Exhibit B (the "Sosland Declaration"); and it appearing that motions have been filed on behalf of certain members of Weil who will be employed in these cases seeking admission *pro hac vice* to practice before this Court; and the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number, are: Dallas Stars, L.P. (9450); Dallas Arena LLC (9999); Dallas Stars U.S. Holdings Corp. (0485); and StarCenters LLC (4430).

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Application.

RLF1 5478322v. 1

Court being satisfied, based on the representations made in the Application and the Sosland Declaration, that Weil is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the hearing to consider the relief requested therein (the "Hearing") having been provided to the parties listed therein and no further notice being necessary; and the legal and factual bases set forth in the Application establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors, and all parties in interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and upon the entire record and all of the proceedings before the Court, the Court hereby ORDERS that:

1. The Application is granted to the extent set forth herein.

2. The Application is granted *nunc pro tunc* to the date on which the Debtors commenced their Chapter 11 Cases.

3. The Debtors are hereby authorized to employ and retain Weil as their attorneys in the Debtors' Chapter 11 Cases under a general retainer, all as contemplated by the Application and on the terms provided in the retainer letter.

4. Weil shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any applicable Orders.

5. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. Any payment to be made hereunder shall be subject to the requirements imposed on the Debtors under any order regarding the use of cash collateral.

7. Notice of the Application, as provided therein, shall be deemed good and sufficient notice of such Application.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: October 17, 2011
Wilmington, Delaware

THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE